IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIREBIRD MANAGEMENT CO. INC.
d/b/a ZIA MATERIALS, INC.,

      Plaintiff,

v.                                                No. 1:25-cv-00805-KG-JMR

BEACON SALES ACQUISITION, INC.,

      Defendant.
_____

BEACON SALES ACQUISITION, INC.,

      Consolidated Plaintiff,

v.                                                No. 1:25-cv-00807-KG-JMR

ANTHONY M. BELL,

      Consolidated Defendant.

## **ORDER DENYING TEMPORARY RESTRAINING ORDER**

In these consolidated actions, three opposed motions are pending before the Court. First, in case 25-cv-807, consolidated plaintiff Beacon Sales Acquisition, Inc. filed a motion for a temporary restraining order ("TRO") and preliminary injunction on August 20, 2025. Docs. 5–6. Second, in case 25-cv-805, defendant Beacon filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 13. Third, in case 25-cv-807, consolidated defendant Anthony Bell filed a motion to dismiss under Rule 12(b)(6). Doc. 22.

This order addresses only Beacon's request for a TRO in case 25-cv-807, filed August 20, 2025. Docs. 5–6. For the reasons below, that request is denied. The Court will take the

parties' other motions under advisement and schedule a hearing on Beacon's request for a preliminary injunction, if necessary, once those motions are fully briefed.

As brief background, Beacon alleges that Mr. Bell violated the parties' noncompete and nondisclosure agreements by resigning from Beacon on July 15, 2025, to immediately join a direct competitor (plaintiff Zia Materials) and by, for example, communicating with Beacon's customers and retaining their confidential contact information before resigning. Doc. 6 at 9–10. Mr. Bell apparently "notified [Beacon] of his resignation on or about July 1, 2025"; sent a "highly unusual" email to Zia Materials in "April 2025" while still working for Beacon that attached a "customer pricing notification"; "met privately" with Beacon's customers and "advised them of his intention to leave his employment" before resigning; and "actively engaged in business" with Beacon's customers "on behalf of Zia" in the "last four weeks" leading up to Beacon's August 20, 2025, TRO motion. Doc. 6-2 (Valdez Decl.) ¶¶ 12–17.

Given Beacon's assertions, a TRO is unwarranted in this case. It is well settled that a "plaintiff's delay in requesting a TRO militates against its issuance." *Calvary Albuquerque, Inc. v. Blinken*, 720 F. Supp. 3d 1138, 1155 (D.N.M. 2024), *vacated on unrelated grounds*, 2025 WL 2640040 (10th Cir.); Wright & Miller, Federal Practice & Procedure § 2951 & n.22 (2023) ("[P]laintiff's delay in seeking a temporary restraining order is held as an indication that there is no immediate threat"). "Parties spurred on by the threat of or actual immediate irreparable harm, file for TROs as quickly as possible to head or stave it off"—they do not delay, as Beacon did here. *Mbaku v. Bank of Am.*, 2012 WL 263095, at *1 (D. Colo). Indeed, Beacon waited over a month after Mr. Bell resigned (with two weeks' notice) on July 15 to seek a TRO on August 20, despite allegedly observing Mr. Bell engage in suspicious conduct dating all the way back to

April 2025.  *See* Doc. 6-2 ¶¶ 12–17; *Mbaku*, 2012 WL 263095, at *1 (holding that "waiting more than six weeks" after alleged injury "weigh[ed] against the issuance of" TRO).

Beacon's TRO request is therefore denied.  As stated above, the Court will take the parties' other motions under advisement and schedule a hearing on Beacon's request for a preliminary injunction, if necessary, once those motions are fully briefed.  *E.g.*, *Miller v. Lipinski*, 2020 WL 5096018, at *1 (D. Colo.) (denying TRO and "reserve[ing] ruling regarding a preliminary injunction").

IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.