IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

| | |
|---|---|
| FIREBIRD MANAGEMENT CO. INC d/b/a ZIA MATERIALS, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:25-cv-00807 KG/JMR |
| | : consolidated with 1:25cv0805 KG/JMR |
| BEACON SALES ACQUISITION, INC., | : |
| | : |
| Defendant/Plaintiff. | : |
| v. | : |
| | : |
| ANTHONY M. BELL, | : |
| | : |
| Defendant. | : |

_____:

## STIPULATED INJUNCTION

This matter comes before the Court upon the joint Stipulation of Beacon Sales Acquisition, Inc., which does business as QXO ("QXO"), Anthony M. Bell ("Bell"), and Firebird Management Co. Inc. d/b/a Zia Materials, Inc. ("Zia Materials") (collectively referred to as the "Parties" and each a "Party"). The Court approves and enters this Stipulated Injunction as follows:

**WHEREAS**, on July 15, 2025, Bell resigned his employment from QXO and joined Zia Materials, as an employee;

**WHEREAS**, on August 12, 2025, Zia Materials filed a *Complaint for Declaratory Judgment* against QXO seeking a declaration that the *Nondisclosure for the Protection of Trade Secrets Agreement* ("*Protection Agreement*") executed by Bell is unenforceable by QXO, as well as for damages for alleged tortious interference with customer relationships.

**WHEREAS**, on August 19, 2025, QXO filed a *Complaint* and an *Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction* against Bell seeking enforcement of post-employment obligations contained in Bell's *Protection Agreement*, and for damages;

**WHERAS,** the cases and respective claims by the Parties have all been consolidated into this action; and

**WHEREAS,** in lieu of proceeding in this action to avoid the costs of litigation, QXO, Bell, and Zia Materials have agreed to stay the litigation and have reached an agreement on a Stipulated Injunction as set forth herein to be submitted to the Court and entered.

**NOW, THEREFORE**, based on the Parties stipulation, it is HERBY ORDERED and DECREED that:

(1)     Through March 31, 2026, for the certain QXO's Customers and/or Vendors/Manufacturers with whom Bell had a sales relationship at QXO, as identified in the confidential list exchanged between the Parties, Bell is enjoined from, directly or indirectly: (a) communicating with those identified QXO Customers and/or Vendors/Manufacturers concerning the sale of waterproofing/sealant materials; (b) soliciting those identified QXO Customers and/or Vendors/Manufacturers concerning the sale of waterproofing/sealant materials; and (c) accepting sales requests/inquiries/business for waterproofing/sealant materials from those identified QXO Customers and/or Vendors/Manufacturers   For clarity, this restriction on Bell, however, will not impact Zia Materials from continuing to work with those Customers and Vendors/Manufacturers with whom Zia Materials had or has an existing waterproofing/sealant sales relationship (subject to Bell's restriction hereunder),

2

as also identified in the confidential list exchanged between the Parties.
Moreover, Bell can communicate with the clients/customers and
vendors/manufacturers on the confidential lists for purposes other than sales,
including on a friendship and redirection level. His position is related to
architectural and planning responsibilities and requires that he communicate with
clients/customers and vendors/manufacturers on an architectural basis only.

(2)    Through July 15, 2026, for the certain QXO's Customers and/or
Vendors/Manufacturers with whom Bell had a sales relationship at QXO, as
identified in the confidential list exchanged between the Parties, Bell and Zia
Materials are enjoined from, directly or indirectly: (a) communicating with those
identified QXO Customers and/or Vendors/Manufacturers concerning the sale of
waterproofing/sealant materials; (b) soliciting those identified QXO Customers
and/or Vendors/Manufacturers concerning the sale of waterproofing/sealant
materials; and (c) accepting sales requests/inquiries/business for
waterproofing/sealant materials from those identified QXO Customers and/or
Vendors/Manufacturers.  Bell can communicate with the clients/customers and
vendors/manufacturers on the confidential lists for purposes other than sales,
including on a friendship and redirection level. His position is related to
architectural and planning responsibilities and requires that he communicate with
clients/customers and vendors/manufacturers on an architectural basis only.

(3)    Bell is enjoined from possessing, retaining, using, or disclosing any of QXO's
confidential or proprietary business information (as defined in the *Protection
Agreement*).  Any such confidential and proprietary business information in Bell's

possession shall be returned to QXO and Bell shall execute an affirmation of compliance, including that he has not provided the information to Zia Materials. Bell's obligations with regard to QXO's confidential or proprietary business information shall remain in full force and effect for as long as the information remains confidential and proprietary.

(4)     QXO shall withdraw its *Emergency Motion for Preliminary Injunction*.

(5)     The Court shall stay this action pending expiration of the Stipulated Injunction on July 15, 2026.

(6)     Within ten (10) days of expiration of this Stipulated Injunction on July 15, 2026, provided there has been full compliance therewith, QXO shall withdraw its *Complaint*, and Zia Materials shall withdraw its *Complaint for Declaratory Judgment* and damages. The Parties shall take all steps necessary to dismiss this action in compliance with this provision.

(7)     The Parties intend to be bound by this Stipulated Injunction to the fullest extent of law.

(8)     No bond is required for enforcement of this Stipulated Injunction.

Stipulated Injunction

(9)    All Parties participated in the drafting of this Stipulated Injunction.

Stipulated by:

| | | |
|---|---|---|
| */s/ Michael J. Fortunato* | */s* | */s/ Keith Mier* |
| Michael J. Fortunato, Esq. | | Keith Mier, Esq. |
| Andrew M. DeLucia, Esq. | | Butler Snow |
| RUBIN, FORTUNATO & | | 2155 Louisiana Blvd. NE, Suite 10400 |
| HARBISON P.C. | | Albuquerque, NM 87110 |
| 1200 Liberty Ridge Drive, Suite 220 | | Keith.mier@butlersnow.com |
| Wayne, PA 19087 | | Tel: (505) 5456065 |
| mfortunato@rubinfortunato.com | | |
| adelucia@rubinfortunato.com | | |
| Tel: (610) 408-2005/2025 | | |

*ATTORNEYS FOR BEACON SALES*          *ATTORNEYS FOR ANTHONY M. BELL*
*ACQUISITION, INC.*                               *and FIREBIRD MANAGEMENT CO. INC.*
                                                              *d/b/a ZIA MATERIALS, INC.*


So **APPROVED**, **ORDRED,** and **SIGNED** on this 18th day of December 2025.


/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

Stipulated Injunction